IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS,
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICO SCHWEIGER,<br>Plaintiff,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK and<br>ALLTRAN FINANCIAL, LP,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO: 5:17-CV-660 |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NICO SCHWEIGER, plaintiff in the above styled action ("Plaintiff"), complaining of Defendants USAA FEDERAL SAVINGS BANK ("USAA") and ALLTRAN FINANCIAL, LP ("Alltran"), (collectively referred to as "Defendants"), and for causes of action would respectfully show the Court as follows:

### I.  CLAIM

1.       This is an action for breach of contract and for damages brought by an individual consumer against Defendants for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., ("FDCPA") and the Texas Fair Debt Collection Practices Act, Tex. Finance Code § 392, et seq. ("TFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. PARTIES

3.       USAA is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 10750 McDermott Freeway, San Antonio, TX 78288.

4.       Alltran is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 5800 North Course Drive, Houston, Texas 77072.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged

to be due another.

5.      Plaintiff is an individual residing in Big Bear City, California.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA and Tex. Finance Code § 392.001(1).

### IV. JURISDICTION

6.      The Court has jurisdiction over the lawsuit because the suit arises under tthe Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.*

7.      Venue is proper in this district under 28 U.S.C. §1391(f)(3) because defendants are licensed to do business or did and are doing business in this district.

### VI. FACTS

8.      Alltran attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to USAA.

9.      The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "Consumer debt" for purposes of Tex. Finance Code § 392.001(2) and "debt" for purposes of 15 U.S.C. § 1692a(5).

10.     On or about October 11, 2016, Plaintiff and Alltran, on behalf of USAA, entered into a settlement agreement for Plaintiff's USAA account beginning in 9896. A copy of the settlement agreement is attached herein as Exhibit A.

11.     Pursuant to the terms of the settlement, Plaintiff was required to make twelve (12) monthly payments totaling $4,112.00 to settle and close his account.

12.     Thus, Defendants acknowledged that they had agreed to a settlement with Plaintiff, in consideration of monthly payments which Plaintiff would be required to make.

13.     Plaintiff via his debt settlement company, National Debt Relief ("NDR"), timely made the first two requisite settlement payments.

14.     However, Defendants never withdrew these electronic payments from

Plaintiff's trust account. Attached is a statement of Plaintiff's trust account during the relevant time period as Exhibit B.

15.     Although the funds were made available for Defendants, the payments were never withdrawn or processed, and therefore, reversed back into Plaintiff's trust account.

16.     On November 17, 2016, NDR contacted Alltran to resolve the payment discrepancy. An Alltran representative named Susan stated that the account was recalled.

17.     On December 6, 2016, NDR contacted USAA to resolve the payment discrepancy. A USAA representative named Roxanne explained that USAA would not honor the previous settlement agreement.

18.     Defendants' reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

19.     Defendants knew or should have known that their actions violated the FDCPA and TFDCPA. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA and TFDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

20.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

21.     At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## VII.  CAUSES OF ACTION

22.     Defendants' conduct, acts and failures were the cause and proximate cause of expenses, losses, and damages to Plaintiff.  The acts, conduct and failures of Defendants constituted violations of legal duties giving rise to at least the following cause of action:

## COUNT 1: FAIR DEBT COLLECTION PRACTICES ACT

23.     Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

24.     The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25.     Alltran violated provisions of the FDCPA, including, but not limited to, the following:

        a.    FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

        b.    FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

26.     Alltran violated these provisions of the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or intended to breach.

## COUNT TWO: BREACH OF CONTRACT

27.     Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

28.     Defendants acknowledged that they had agreed to a settlement with Plaintiff, in consideration of monthly payments which Plaintiff would be required to make.

29.     Plaintiff made the first two required monthly payments, in accordance with the agreement.

30.     However, Defendants never withdrew these electronic payments from Plaintiff's trust account.

31.      Although the funds were made available for Defendants, the payments

were never withdrawn or processed, and therefore, reversed back into Plaintiff's trust account.

32.    Defendants' reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

33.    As a result, Plaintiff has suffered actual and monetary damages.

## COUNT THREE: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

34.    Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

35.    By reason of the foregoing, Defendants breached the implied covenant of good faith and fair dealing implicit in their settlement agreement with Plaintiff.

36.    As a result, Plaintiff has suffered actual and monetary damages.

## COUNT FOUR: TEXAS FAIR DEBT COLLECTION PRACTICES ACT

37.    Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

38.    Defendants violated provisions of the TFDCPA, including, but not limited to, the following:

39.    Texas Finance Code § 392.304 (a)(8) prohibits the misrepresentation of the character, extent, or amount of a consumer debt.

40.    Tex. Finance Code § 392.304 (a)(19) prohibits any false representation or deceptive means to collect a debt.

41.    Defendants violated these provisions of the TFDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which they did not intend to adhere to and/or intended to breach.

## DAMAGES INCLUDING ATTORNEY FEES AND COSTS

42.    As a result of the above violations, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## JURY DEMAND

43.     Plaintiffs make demand for trial by jury and tenders the appropriate fee.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing in this cause, Plaintiff have and recover a judgment against the Defendants as follows:

1) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of their breach of contract and breach of the implied covenant of good faith and fair dealing;

2) That judgment be entered against Defendants for actual damages pursuant to Texas Finance Code § 392.403(a)(2);

3) That the Court award costs and reasonable attorney's fees pursuant to Texas Finance Code § 392.403(b);

4) That judgment be entered against Defendant Alltran for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

5) That judgment be entered against Defendant Alltran for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

6) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

7) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Amy E. Clark
State of Texas Bar Number: 24043761
11801 Domain Blvd. 3rd Floor
Austin, Texas 78758
amy@amyclarklaw.com
512-850-5290

OF COUNSEL TO:
Reznik Law Firm

30 Wall St., 8th Floor, #741
New York, NY 10005
212-537-9276 – Telephone
877-366-4747 – Facsimile

ATTORNEYS FOR PLAINTIFF